UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

-against-

AIRBORNE WIRELESS NETWORK, *et al.*,

        Defendants.

21 Civ. 01772 (CM) (GWG)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2021

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN

On May 7, 2021, all remaining parties in this matter held a conference to discuss the Court's Civil Case Management Plan. Defendants Airborne Wireless Network, Kalistratos Kabilafkas, Timoleon Kabilafkas, individually and in his capacity of trustee, and Jack Edward Daniels, Eric Scheffey, and Magdaline Kabilafkas, in her capacity as trustee (collectively, the "Moving Defendants") have moved to dismiss the SEC's Complaint in this matter. The following sets forth the matters on which the parties agreed and, if not, the parties' competing positions, which stem in part from the pendency of the Moving Defendants' motions. The parties also recognize that the Court's Order Scheduling an Initial Pretrial Conference provides for "the completion of all discovery within six months of this order. . . ." (ECF No. 37). However, given the number of parties, that certain witnesses are located internationally, and the complexity of the issues involved in this case, the parties are in general agreement that discovery will take approximately 12 months to complete. Accordingly, the parties respectfully request that additional time be allowed to complete discovery in this case, and hereby propose the following Civil Case Management Plan:

1

1. This case is to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| July 22, 2021 | 30 days after the day on which the Moving Defendants' answers are due pursuant to the Court's ruling on the pending motions to dismiss, or if an amended complaint is filed, any subsequent motions to dismiss | July 22, 2021 |

3. No additional parties may be joined 30 days after the day on which discovery commences.

4. No pleading may be amended 30 days after the day on which discovery commences.

5. All discovery, *including expert discovery*, must be completed on or before:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| July 15, 2022 | 12 months after discovery commences | July 15, 2022 |

Expert disclosures conforming with Rule 26 must be made no later than the following dates:

Plaintiff's expert report(s) by:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| January 17, 2022 | 6 months after discovery commences | January 17, 2022 |

Defendants' expert report(s) by:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| February 16, 2022 | 45 days after Plaintiff's expert report(s) are due. | March 1, 2022 |

6. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

2

7.     Discovery dispute in this case will be resolved by the assigned Magistrate Judge who is The Honorable Gabriel W. Gorenstein. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

8.     Motions for summary judgment shall be filed by:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| September 16, 2022 | 60 days after close of all discovery | September 30, 2022 |

Summary judgment oppositions shall be filed by:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| October 17, 2022 | 30 days after the deadline to move for summary judgment | October 28, 2022 |

*The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

9.     A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those (not including *in limine* motions), shall be submitted on or before:

| SEC's Position | Defendants' Position | COURT'S ORDER |
|---|---|---|
| December 15, 2022 | 120 days after close of all discovery | September 30, 2022 |

Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

3

10. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

11. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:   May 18, 2021
         New York, New York

Upon consent of the parties:

/s/ David Misler
David Misler
Stephan Schlegelmilch
Daniel Maher

*Counsel for Plaintiff
U.S. Securities and Exchange Commission*

/s/ Charles P. Hyun
James Sanders
Pamela Schoenberg
Charles Hyun

*Counsel for Kalistratos Kabilafkas, and Timoleon Kabilafkas, individually, and as trustee for the Tim Kabilafkas Revocable Trust*

/s/ Samuel Edgerton
Samuel Edgerton
Ted Peters
Johnny Antwiler
Tamara Grimm

*Counsel for Jack Daniels*

/s/ Eugene Goldman
Eugene Goldman
Gordon Greenberg

*Counsel for Chrysilious Chrysiliou*

/s/ Robert Knuts
Robert Knuts

*Counsel for Airborne Wireless Network*

/s/ Aaron May
Aaron May
Joel Mallord

*Counsel for Eric Scheffey*

/s/ Jonathan Bach
Jonathan Bach

*Counsel for Magdaline Kabilafkas, as Trustee for the Magdaline Kabilafkas Revocable Trust*

/s/ Gary Jay Kaufman
Gary Jay Kaufman
Noam Reiffman

*Counsel for Panagiotis Bolovis*

4

SO ORDERED

_____
Hon. Colleen McMahon
United States District Judge

5-18-2021

5