UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

-against-

AIRBORNE WIRELESS NETWORK, *et al.*,

          Defendants.

21 Civ. 01772 (CM) (GWG)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/22

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this stipulated Protective Order for the purpose of assuring the confidentiality of certain information that will be disclosed by the Parties and non-parties in the course of this litigation.

1. As used in this Protective Order,

    a. The term "Action" means this civil action captioned above.

    b. The terms "Party" and "Parties" mean one or more parties to this Action and counsel.

    c. The term "Protected Person" means any non-party person or entity, its employees, management, agents, attorneys, and all other persons acting or purporting to act on its behalf who produces any information or testifies in the Action voluntarily or in response to a discovery request or subpoena.

    d. The term "Documents" shall have the definition set forth in Rule 26.3(c)(2) of the Local Civil Rules for the Southern District of New York.

1

  e. The term "Confidential Information" means any Documents or other information believed by the producing Party or non-party to contain confidential, proprietary, commercial, financial, or business information that is not of a public nature.

  f. The term "Discovery Material" means Documents or information of any kind produced or disclosed pursuant to and in the course of discovery in this Action.

  g. The term "Sensitive Personal Information" means any documents or other information containing any one or more of the following categories of personal and private documents or information: (i) a social security or tax identification number; (ii) individuals' or entities' financial information, including but not limited to statements for any bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (iii) any financial account number, including for a bank account, credit card account, brokerage account, mortgage, student loan, or other loan; (iv) tax "returns" and "return information" (as those terms are defined under 21 U.S.C. § 6103); (v) the home address, email, phone number, or other contact information of any individual person; (vi) the birth date of any individual person; (vii) the name of any individual person who, at the time of the filing of the Complaint in this Action, was known to be less than 18 years old; or (viii) medical information;

 2. Confidential Information or Sensitive Personal Information disclosed to any Party to this Action or its counsel during the course of this Action:

  a. Shall be used by the Parties only for purposes of this Action, including any appeal or enforcement of any order or judgment entered in this Action;

  b. Shall not be used by the Parties for any business or commercial purpose;

  c. Shall not be published to the public in any form by the Parties except as permitted by Paragraphs 5, 8, and 9 below;

   d. May be disclosed only to the following persons, on an as-needed basis in the course of the litigation, with reasonable precautions taken to insure the confidentiality of the information:

  (i) a Party;

  (ii) Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

  (iii) Non-party witnesses (and counsel to those witnesses) while testifying;

  (iv) A document's author(s), recipient(s), and/or copyee(s);

  (v) Current and former employees of the producing Party or non-party;

  (vi) Any mediator that the parties engage in this matter or that this Court appoints;

  (vii) Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this Action;

  (viii) Court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees; and

  (ix) Such other persons as hereafter may be authorized by either written consent of all the Parties, the original producing Party or non-party, or the Court upon motion of either Party.

3.  A copy of this Protective Order shall be delivered to each of the named Parties or persons within paragraph 2.d above to whom a disclosure of Confidential Information or Sensitive Personal Information is made, at or before the time of disclosure, by the Party making the disclosure. The provisions of this Protective Order shall be binding upon each such party or person to whom disclosure is made.

4.  The provisions of this Protective Order shall not be construed as preventing:

    a.  Any disclosure of Confidential Information or Sensitive Personal Information to any Party;

    b.  Any disclosure of Confidential Information or Sensitive Personal Information to any judge, magistrate, or employee of this Court for any purpose in connection with this Action; or

    c.  Any disclosure of Confidential Information or Sensitive Personal Information for the purpose of enforcement of any criminal law pursuant to a subpoena, court order, or as otherwise required by law.

5.  All Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2(a).

6.  The provisions applicable to Sensitive Personal Information (set forth in Paragraphs 2-5 above) shall apply to those Documents obtained by Plaintiff Securities and Exchange Commission ("SEC") during its pre-filing investigation, regardless of whether those Documents have been otherwise designated as Confidential pursuant to the terms of this Order.

7.  Designation of Confidential Information:

    a.  A Party or Protected Person may designate as confidential any information in its possession or control that it produces or provides to any Party, whether voluntarily or under

compulsory process, in connection with this Action, to the extent that such information constitutes Confidential Information as defined in Paragraph 1(e) of this Order.

      b.    Such designation constitutes a representation to the Court that such Party or Protected Person (and counsel, if any) in good faith believes that the information is Confidential Information as defined in Paragraph 1(e). Any production of information without being designated as Confidential Information will not thereby be deemed a waiver of any future claim of confidentiality concerning such information. If, at any time prior to the trial of this Action, a Party or Protected Person realizes that some portion(s) of Discovery Material that s/he or it had previously produced should be designated as Confidential Information, s/he or it may so designate by apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential Information under the terms of this Order.

      c.    A Party or Protected Person seeking to designate Documents or information that it produces or provides in this Action as Confidential Information must stamp or label the face of each appropriate document with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility. If the entire document is not confidential, the Party or Protected Person shall specify the portions of the document that it asserts contain Confidential Information.

      d.    With respect to deposition transcripts, a producing person or entity or that person's or entity's counsel may designate such portion as Confidential Information either by (i) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "CONFIDENTIAL INFORMATION

GOVERNED BY PROTECTIVE ORDER"; or (ii) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded or ten days after notice from the court reporter that the transcript has been prepared, whichever is later, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the producing person or entity or that person's or entity's counsel by the reporter. During the 30-day period following the conclusion of a deposition or alternative 10-day period following notice of the preparation of the transcript, the parties will treat the deposition transcript as if it had been designated Confidential Information in its entirety.

8. Filing of Confidential Information in Redacted Form:

a. To the extent a motion, brief, memorandum, or other written submission to the Court discusses the contents of or attaches as an exhibit any material designated as "Confidential Information" pursuant to this Order, then the Party responsible for such motion, brief, memorandum, or other written submission shall handle the filing as follows:

(i) A Party (or Protected Person) wishing to file documents or materials designated as Confidential Information may, on the due date for the filing, serve the Court and the Parties with unredacted courtesy copies and publicly file redacted versions on the Court's ECF system. With respect to the publicly filed version, the Party (or Protected Person) responsible for the filing shall redact the materials or documents designated as containing Confidential Information in whole if used as an exhibit, and/or redact any portions of a written filing discussing such materials or documents. The Party may publicly file unredacted copies at a later time if appropriate, consistent with the terms of this Order.

(ii) A Party (or Protected Person) wishing to file publicly any Documents or Discovery Material designated as Confidential Information or any written filing discussing such Documents or Discovery Material may choose to consult with any Party or Protected Person to seek consent to such filing. In the event the Party or Protected Person does not consent to the public filing, the Party and the designating Party or Protected Person may follow the procedures in Paragraph 9 of this Order. If the issue is not resolved prior to the date of the filing, the Party or Protected Person responsible for the filing shall follow the procedures set forth in Paragraph 8(a)(i) of this Order.

9. Challenges by a Party to Designation as Confidential Information:

a. Any Party may, at any time, seek to exempt any Documents or Discovery Material as Confidential Information from the provisions of this Protective Order. Before filing any motion with the Court, the objecting Party shall notify the designating Party or Protected Person in writing of its objection and shall meet and confer with the designating Party or Protected Person in a good faith effort to resolve the objection by agreement. The Document or Discovery Material shall be treated as Confidential Information and shall remain subject to this Order until the sooner of the following: (i) an agreement is reached between the objecting Party and the designating Party or Protected Person or (ii) 11:59 p.m. Eastern time on the third business day after the designating Party or Protected Person received notice of the objection, if the designating Party or Protected Person has not informed the objecting Party by that time that it intends to maintain the applicability of this Order.

b. If agreement is reached to exempt from the provisions of this Order any Documents or other information subject to the objection, the designating Party or Protected

7

Person shall serve on all Parties a notice specifying the documents or information and the nature of the agreement.

      c.    If agreement is not reached, and the designating Party or Protected Person has timely informed the objecting Party that it intends to maintain the applicability of the Order, the designating Party or Protected Person shall make a motion to prevent disclosure within five (5) business days of receiving notice of the objection, or within such longer period as the Court may order or the objecting Party may agree. The designating Party or the Protected Person's motion must articulate with particularity the basis for the nondisclosure of the Documents or Discovery Material that the objecting Party has challenged. Failure of the designating Party or Protected Person to make such a motion will constitute agreement to exempt the Documents or Discovery Material at issue from the provisions of this Protective Order.

10.    This Protective Order shall not:

      a.    Operate as an admission by any Party that any particular Discovery Material contains Confidential Information or Sensitive Personal Information;

      b.    Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Protective Order;

      c.    Prevent a Party or non-party's disclosure of its own Confidential Information or Sensitive Personal Information; or

      d.    Prejudice in any way the right of any Party or Protected Person to apply to the Court for a further protective order relating to any other Confidential Information or Sensitive Personal Information.

11.    Nothing in this Protective Order shall preclude the Parties from offering Confidential Information or Sensitive Personal Information into evidence at the trial of this

Action or in any other proceeding in this Action, subject to the restrictions of Federal Rule of Civil Procedure 5.2.

12. Notwithstanding any other provisions contained herein, nothing in this Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available pursuant to the "Routine Uses of Information" section of SEC Forms 1661 or 1662, or to comply with any other statutory or international obligation.

13. Pursuant to, and as provided in, Section VI of the Court's Individual Practices and Procedures dated May 21, 2021, the parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If

this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: December 17, 2021                    **STIPULATED BY:**

*/s/ Nicholas Margida*                      */s/ Charles P. Hyun*
Nicholas Margida                             James Sanders
Daniel Maher                                 Pamela Schoenberg
*Counsel for Plaintiff*                      Charles Hyun
U.S. Securities and Exchange Commission      *Counsel for Kalistratos Kabilafkas*


*/s/ Samuel Edgerton*                        */s/ Eugene Goldman*
Samuel Edgerton                              Eugene Goldman
Ted Peters                                   Gordon Greenberg
Johnny Antwiler                              Brandon Roker
*Counsel for Jack Daniels*                   *Counsel for Chrysilious Chrysiliou*


*/s/ Robert Knuts*                           */s/ Aaron May*
Robert Knuts                                 Aaron May
*Counsel for Airborne Wireless Network*      Joel Mallord
                                             *Counsel for Eric Scheffey*


*/s/ Jonathan Bach*                          */s/ Gary Jay Kaufman*
Jonathan Bach                                Gary Jay Kaufman
*Counsel for Magdaline Kabilafkas, as Trustee*  Noam Reiffman
*for the Magdaline Kabilafkas Revocable*     *Counsel for Panagiotis Bolovis*
*Trust*

*/s/ David Chase*
Christopher Bruno
David Chase
*Counsel for Timoleon Kabilafkas,*
*individually, and as trustee for the Tim*
*Kabilafkas Revocable Trust*

10

SO ORDERED

_____

Hon. Colleen McMahon
United States District Judge

2-23-2022

11