UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>AIRBORNE WIRELESS NETWORK, KALISTRATOS KABILAFKAS (also known as Kelly Kabilafkas, also known as Mark McKinney), TIMOLEON KABILAFKAS (also known as Tim Kabilafkas), CHRYSILIOS CHRYSILIOU, PANAGIOTIS BOLOVIS, JACK EDWARD DANIELS, ERIC SCHEFFEY, AND MOSHE RABIN,<br><br>Defendants,<br><br>-and-<br><br>TIMOLEON KABILAFKAS, in his capacity as trustee of the TIM KABILAFKAS REVOCABLE TRUST DATED JULY 24, 2001, AND MAGDALINE KABILAKFAS, in her capacity as trustee of the MAGDALINE KABILAFKAS 1989 TRUST DATED MAY 27, 1989 (also known as the Magdaline Kabilafkas Revocable Trust),<br><br>Relief Defendants. | 21 Civ. 01772 (CM) |

**TIMOLEON KABILAFKAS' OPPOSITION TO MOTION BY PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION FOR SUMMARY JUDGMENT ON LIABILITY ON ALL CLAIMS AGAINST ALL REMAINING DEFENDANTS AND RELIEF DEFENDANTS**

**LAW FIRM OF DAVID R. CHASE, PA**
1700 East Las Olas Boulevard, Suite 305
Fort Lauderdale, Florida 33301
(954) 920-7779

*Attorney for Timoleon Kabilafkas*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................4

II. LEGAL STANDARD……………………………………………………………….....5

III. ARGUMENT ......................................................................................................................6

    A. The SEC Is Not Entitled To An Adverse Inference Based On Mr. Kabilafkas' Invocation Of His Fifth Amendment Right ........................................ 6

    B. Without The Benefit Of An Adverse Inference, The SEC's Evidence Is Insufficient to Prevail on Summary Judgment........................................................... 7

    C. The SEC's Evidence on The Elements Of Falsity and Scienter Merely Presents A Conflicting Version Of Events and Are Thus Insufficient to Grant Summary Judgment .......................................................................................... 9

    D. Mr. Kabilafkas' Alleged Misrepresentations and Omissions Are Not Material……………........................................................................................................11

    E. The "Scheme Liability" Claim Fails As It Is Derivative Of Its 10b-5(b) Claim................................................................................................................... 12

IV. CONCLUSION ................................................................................................................13

## TABLE OF AUTHORITIES

**CASES**                                                                                                                           **PAGES**

*Aaron v. SEC*,
446 U.S. 680, 989 n. 5 (1980)……………………………………………………………..…9

*DDAVP Direct Purchaser Antitrust Litig.*,
585 F.3d 677, 693 (2d Cir. 2009)……………………………………………………………10

*Ernst & Ernst v. Hochfelder*,
425 U.S. 185 (1976)…………………………………………………………………………10

*Guardian Music Corp. v. James W. Guercio Enters.*,
459 F. Supp. 2d 216, 221 (S.D.N.Y. 2006)……………………………………………..…….5

*GuideOne Specialty Mut. Ins. Co. v. Congregation Bais Yisroel*,
381 F. Supp. 2d 267, 271 (S.D.N.Y. 2005) (McMahon, J.)…………………………..……6

*POM Wonderful LLC v. Organic Juice USA, Inc.*,
769 F. Supp. 2d 188, 195 (S.D.N.Y. 2011) (McMahon, J.)…………………………..……6

*R.B. Ventures, Ltd. V. Shane*,
112 F.3d 54, 58 (2d Cir. 1997)……………………………………………………………...…..9

*Redd v. N.Y. State Div. of Parole*,
678 F.3d 166, 174 (2d Cir. 2012)……………………………………………………...…10

*Rule v. Brine, Inc.*,
85 F.3 1002, 1011 (2d Cir. 1996)……………………………………………………………9

*SEC v. Czarnik*,
No. 10 Civ. 745 (PKC), 2010 U.S. Dist. LEXIS 125463, at *1 (S.D.N.Y. Nov. 29, 2010)…..11

*SEC v. Jean-Pierre*,
2015 U.S. Dist. LEXIS 29168, at *1 (S.D.N.Y. Mar. 9, 2015)………………………….……12

*SEC v. Kelly*,
817 F. Supp. 2d 340, 343 (S.D.N.Y. 2011)……………………………………….…………..12

*SEC v. Rio Tinto PLC*, 41 F.4th 47,
54 (2d Cir. 2022)…………………………………………………………………………...12

*SEC v. Sourlis*,
851 F.3d 139,144 (2d Cir. 2016)…………………………………………………………….11,12

*SEC v. Stratocomm Corp.*,
652 F. App'x 35, 38 (2d Cir. 2016)……………………………………………………………….10

*650 Fifth Ave. v. Alavi Found.*,
830 F.3d 66, 93 n.25 (2d Cir. 2016)…………………………………………………………….6

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573, 578-79 (S.D.N.Y. 2001)…………………………………………………7

*Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*,
407 F.3d 34, 55 (2d Cir. 2005)…………………………………………………………………6

*Travelers Indem. Co. v. Losco Grp., Inc.*,
204 F. Supp. 2d 639, 646 (S.D.N.Y. 2002) (McMahon, J.)………………………………......5

*United States SEC v. Spartan Sec. Grp., Ltd.*,
No. 8:19-cv-448-VMC-CPT, 2022 U.S. Dist. LEXIS 10741, at *21 (M.D. Fla. Jan. 20, 2022)…12

*United States SEC v. Suman*,
684 F. Supp. 2d 378, 386 (S.D.N.Y. 2010)…………………………………………………….7

## I.  INTRODUCTION

The SEC's case against Mr. Kabilafkas, 75 years old, originally from Greece and the father of defendant Kalistratos Kabilafkas, is limited in scope to a few isolated interactions and taped conversations he had with non-investor, institutional third-parties (securities broker-dealers and a transfer agent) concerning the deposit of his Airborne Wireless Network ("Airborne") stock. From these limited interactions, the SEC has cherry-picked a few statements made by Mr. Kabilafkas, and a couple of lines of information submitted in paperwork to these third-parties, and contends that they were factually inaccurate. It is upon this basis that the SEC's theory of liability against Mr. Kabilafkas rests, and with it the prospect of significant civil penalties and millions of dollars in disgorgement. Notably, the SEC has not alleged, let alone proffered any evidence to establish that, Mr. Kabilafkas: (1) ever spoke with, solicited or in any way defrauded a single Airborne investor, or (2) had any involvement whatsoever with Airborne's corporate formation, underlying business operations, SEC filings or promotional efforts.

As explained in detail below, the SEC's summary judgment motion as to Mr. Kabilafkas fails, as even assuming *arguendo* Mr. Kabilafkas made certain misstatements, the SEC has not produced any evidence to establish that: (1) such statements were material as a matter of law, (2) that Mr. Kabilafkas knew that his alleged misstatements to the securities broker-dealers and transfer agents were false when made, and (3) that he possessed the requisite fraudulent intent (*scienter*) when making such statements. Tellingly, the SEC has not put forward any sworn testimony or documentary evidence to prove these critical elements.

Instead, the SEC desperately relies upon the hope that this Court will take a negative inference from Mr. Kabilafkas' lawful, and under the circumstances explained below, entirely justified assertion of his Fifth Amendment Right under the United States Constitution, as a

substitute for actual, credible and probative evidence. The law does not permit such a result. And, even assuming *arguendo* the SEC could do so, the law is clear that as the moving party seeking summary judgment, it must produce corroborating evidence *in addition* to the negative inference to prevail. The SEC has simply not done so here. Even in a light most favorable to the SEC, however, the purported corroborating evidence it has proffered as to falsity and scienter presents, at most, a "conflicting version of events" that is insufficient as a matter of law to demonstrate that there are no genuine, triable issues of material fact. For these reasons, this Court should deny the SEC's Motion for Summary Judgment.

## II.  LEGAL STANDARD

"Summary judgment is appropriate only when the moving party has met its burden of production under Rule 56(e) to show initially the absence of any genuine issue concerning any material fact. If the evidence presented in support of the summary judgment motion does not meet this burden, summary judgment must be denied even if no opposing evidentiary material is presented." *Travelers Indem. Co. v. Losco Grp., Inc.*, 204 F. Supp. 2d 639, 646 (S.D.N.Y. 2002) (McMahon, J.). "If the moving party will bear the burden of persuasion at trial, the burden at summary judgment is higher -- the moving party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. Summary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Guardian Music Corp. v. James W. Guercio Enters.*, 459 F. Supp. 2d 216, 221 (S.D.N.Y. 2006).

"In addressing a motion for summary judgment, the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *POM Wonderful LLC v. Organic Juice USA, Inc.*, 769 F. Supp. 2d 188, 195 (S.D.N.Y. 2011) (McMahon, J.). "The substantive law that governs the case determines which facts will be material and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *GuideOne Specialty Mut. Ins. Co. v. Congregation Bais Yisroel*, 381 F. Supp. 2d 267, 271 (S.D.N.Y. 2005) (McMahon, J.).

### III.  ARGUMENT

#### A.  The SEC Is Not Entitled To An Adverse Inference Based On Mr. Kabilafkas' Invocation Of His Fifth Amendment Rights At The Summary Judgment Stage

The Second Circuit has held that on summary judgment, an adverse inference cannot be drawn based on the invocation of the Fifth Amendment privilege. *Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 55 (2d Cir. 2005). That is because the court is "required at summary judgment to draw all reasonable inferences in favor of the non-moving party[.]" *Id.*; *650 Fifth Ave. v. Alavi Found.*, 830 F.3d 66, 93 n.25 (2d Cir. 2016) (rejecting district court's suggestion that it could draw adverse inferences at summary judgment based on individuals' invocation of their Fifth Amendment privilege" because "a court may not draw negative inferences against a nonmoving party on a summary judgment motion"). Thus, the SEC's attempt to have this Court draw a negative inference from Mr. Kabilafkas' lawful assertion of his Fifth Amendment Right, and use it against him to support its summary judgment motion, is legally infirm.

Although not legally relevant at this motion for summary judgment stage, it is important for the Court to understand the context in, and circumstances under which, Mr. Kabilafkas determined to avail himself of his constitutionally protected rights. Mr. Kabilafkas is under criminal investigation in the Central District of California, and has been advised by the Assistant United States Attorney in that district, through counsel, that he is at least a subject of the investigation, with a possibility he could become a target. While the ever-present threat of a potential indictment has hung over Mr. Kabilafkas' head for three years as a result of this criminal investigation being conducted by one arm of the Government, he has simultaneously been hamstrung in his efforts to defend himself in this parallel civil litigation, arising out of the same underlying subject matter, brought by the other hand of the Government. Mr. Kabilafkas has thus been effectively put in a proverbial "box" by the Government's actions, whether they have been planned and coordinated, or not. "… the government itself has an opportunity to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls. In such circumstances, there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means." *See e.g.*, *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578-79 (S.D.N.Y. 2001).

### B. Without The Benefit Of An Adverse Inference, The SEC Cannot Prevail on Summary Judgment As Its Evidence is Insufficient

The SEC readily concedes in its moving papers that "a motion for summary judgment cannot be granted on an adverse inference alone." SEC Motion for Summary Judgment at p. 32 (citing *United States SEC v. Suman*, 684 F. Supp. 2d 378, 386 (S.D.N.Y. 2010). The SEC further concedes in its Motion, also on p. 32, that "corroborating evidence" (in addition to the negative inference) is required to support a successful motion for summary judgment.

The SEC's Local Civil Rule 56.1 Statement contains ten (10) paragraphs of alleged wrongdoing by Mr. Kabilafkas (paragraphs 73, 74, 85, 86, 87, 88, 89, 92, 94 and 111). In each, the SEC improperly seeks to have a negative inference drawn from Mr. Kabilafkas' lawful invocation of his Fifth Amendment Right in response to the request for production of documents, interrogatories and requests for admissions, and/or the provision of deposition testimony, in support of its Motion for Summary Judgment. In that the SEC cannot lawfully obtain and use a negative inference at summary judgment, it cannot therefore rely upon this evidence to support its motion.

Moreover, as to the evidence upon which the SEC relies (emails, letters or three taped conversations in which Mr. Kabilafkas was on the line) in the above-identified numbered paragraphs, none of it proves that Mr. Kabilafkas knew that which he represented orally or in writing to the non-investor, third-parties was false and misleading (assuming it was, in fact, false and misleading), that it was material, and/ or that he made such statements with the intent to defraud, or even on a reckless or negligent basis.

Specifically in paragraphs 73, 74, 85, 94, the SEC <u>does not even allege</u>, let alone prove, that Mr. Kabilafkas knew the subject representations were false, assuming they were. Rather, this purported evidence, at most, proves only that the alleged misrepresentations were made -- nothing more. Moreover, in paragraph 86, the SEC does not claim, let alone prove, that Mr. Kabilafkas either knew that his son was allegedly impersonating him in calls with Merrill Lynch, or that if he was, that he condoned it. Similarly, in paragraphs 87, 89, 92, and 111 of the Complaint, each of which asserts that Mr. Kabilafkas had knowledge as to certain wrongdoing, the SEC fails to cite any evidence whatsoever, either testimonial or documentary, to support it. Finally, in paragraph 88, the SEC makes sensationalized allegations like Mr. Kabilafkas "secretly directed" questions

by Merrill Lynch to his son, but offers no evidence that Mr. Kabilafkas did so, and/or knew that his son purportedly called Merrill back and impersonated him, and/or knew the contents of those conversations.

Rank conjecture and speculative, hopeful inferences by the SEC cannot fill the void of credible, probative and direct evidence required to satisfy the elements of the causes of action it has alleged. Thus, absent the SEC's ability to prove the necessary elements of its fraud claims, summary judgment against Mr. Kabilafkas is unwarranted.

### C. The SEC's Evidence On The Elements Of Falsity And Scienter Merely Presents A Conflicting Version Of Events and Are Thus Insufficient to Grant Summary Judgment

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment. Any weighing of the evidence is the prerogative of the finder of fact, not an exercise for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3 1002, 1011 (2d Cir. 1996). "Even when the surrounding circumstances indicate what has been termed, perhaps unfortunately, 'implausibility', at the summary judgment stage the court should not 'weigh' the evidence in the same manner as a trier of fact."). *R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 58 (2d Cir. 1997).

Here, the SEC's evidence on the elements of falsity of Mr. Kabilafkas' representations, and whether he possessed the requisite "mental state embracing intent to deceive, manipulate or defraud", *Aaron v. SEC,* 446 U.S. 680, 989 n. 5 (1980), at best, create conflicting factual versions for the jury's determination at trial. For example, a jury could theoretically conclude that Mr. Kabilafkas was unaware of his son's actions or, in the alternative, knew and approved of them, but had no knowledge or reason to believe they were improper. Furthermore, a jury could conclude that Mr. Kabilafkas did not make any false statements or, if he did, that such inaccuracies resulted

from either his misunderstanding of, and lack of proficiency in, the English language, and/or an unfamiliarity with technical financial markets terminology, or even that he reasonably believed in good-faith that which he represented was true, but was not. Not every representation made in a securities related commercial transaction that ultimately proves to be inaccurate rises to the level of an actionable federal securities fraud claim. "[e]valuation of ambiguous acts is a task for the jury, not for the judge on summary judgment." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012).

As to the element of scienter, in particular, the law is clear that at the summary judgment stage courts should be "lenient in allowing scienter issues to withstand summary judgment based on fairly tenuous inferences, "because such issues are appropriate for resolution by the trier of fact." *In re: DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009). This is particularly true where, as here, a jury could properly conclude Mr. Kabilafkas acted in good-faith. In analyzing the legislative history of Section 10(b), the Supreme Court held: "there is no indication that Congress intended anyone to be made liable for such practices unless he acted *other than in good-faith*." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976).

Finally, in its summary judgment motion, the SEC cites *SEC v. Stratocomm Corp.*, 652 F. App'x 35, 38 (2d Cir. 2016) for the proposition that "at a minimum" Mr. Kabilafkas' conduct "clearly demonstrated a 'reckless disregard for the truth.'" There, however, the court found that the corporate entity and the individual "knew the statements at issue to be false when made" ("The record demonstrates that StratoComm and Shearer knew the statements at issued to be false when made"). *Id.* No such record evidence exists here and thus the SEC's reliance on this case is misplaced.

Accordingly, given the necessity of a jury to make assessments of Mr. Kabilafkas' credibility, as well as its choices between conflicting versions of events, entry of summary judgment is not proper.

### D.     Mr. Kabilafkas' Alleged Misrepresentations and Omissions Are Not Material

The SEC has failed to provide a shred of evidence to satisfy the element of materiality as to Mr. Kabilafkas' alleged misstatements.   Instead, the SEC has taken the unsupportable position that it need not, as the alleged misrepresentations and omissions are, in its opinion, material as a matter of law.  This position is without legal basis and, alone, is reason to deny the SEC's Motion for Summary Judgment.

Moreover, the expert witness report of Mr. Musey affirmatively evidences that Mr. Kabilafkas' alleged misstatements are not material.  As set forth in his report, Mr. Musey specifically considered whether misstatements to brokers and other involved in the deposit of Airborne shares would be material to ordinary investors and determined, in his expert opinion, that they would not.  Why?  Because, as Mr. Musey explains, the information that *is* important to investors relate to the company's valuation, its prospects and in particular, factors that relate to the *profitability* of their investment.  Report at 21.  That type of information is qualitatively different and unlike, as Mr. Musey explains, the mechanics of how shares are deposited into accounts for trading (which is the subject matter of Mr. Kabilafkas' alleged misstatements), which *do not* impact cash flow and thus would not be important to a reasonable investor, and hence not material.  Report at 22.

Finally, the SEC relies on readily distinguishable case law in support of its assertion that misrepresentations to securities brokers and transfer agents are material as a matter of law.  Each case relied upon by the SEC involved allegations of the sale of unregistered securities in violation

of Section 5 of the Securities Act of 1933, which is not a cause of action alleged by the SEC in this case. *SEC v. Czarnik*, No. 10 Civ. 745 (PKC), 2010 U.S. Dist. LEXIS 125463, at *1 (S.D.N.Y. Nov. 29, 2010) (alleging violation because securities were unregistered); *SEC v. Sourlis*, 851 F.3d 139, 144 (2d Cir. 2016) (same); *United States SEC v. Spartan Sec. Grp., Ltd.*, No. 8:19-cv-448-VMC-CPT, 2022 U.S. Dist. LEXIS 10741, at *21 (M.D. Fla. Jan. 20, 2022) (finding material "[m]isstatements or omissions *that enabled* the public sale of stock. . . .); *SEC v. Jean-Pierre*, 2015 U.S. Dist. LEXIS 29168, at *1 (S.D.N.Y. Mar. 9, 2015) (alleging "fraudulent scheme to issue attorney opinion letters facilitating the transfer of *restricted* microcap shares"). Accordingly, these decisions do not support the SEC's claim of materiality.

### E. The "Scheme Liability" Claim Fails As It Is Derivative Of Its 10b-5(b) Claim

The SEC's scheme liability claim under Rule 10b-5(a) and (c) fails as a matter of law because it is derivative and duplicative of its misstatement or omission claims under Rule 10b-5(b). *SEC v. Kelly*, 817 F. Supp. 2d 340, 343 (S.D.N.Y. 2011); *SEC v. Rio Tinto PLC*, 41 F.4th 47, 54 (2d Cir. 2022). The SEC's summary judgment motion proves the point: its scheme liability claim as to Mr. Kabilafkas is predicated upon the <u>same underlying alleged misrepresentations and omissions that form the basis of its Rule 10b-5(b) claim</u>. In particular, the SEC contends that scheme liability attaches because Mr. Kabilafkas allegedly misled securities brokers and transfer agents in connection with the deposit of Airborne shares. In other words, alleged wrongful conduct directly founded upon misrepresentations and/or omissions. Accordingly, for the reasons detailed in Defendant Kalistratos Kabilafkas' Motion for Summary Judgment, the scheme liability claim against Mr. Kabilafkas should be dismissed.

- 13 -

## IV.  CONCLUSION

Based on the foregoing, the SEC's motion for summary judgment should be denied.

Dated:   December 13, 2022                    **LAW FIRM OF DAVID R. CHASE, PA**

By: */s/ David R. Chase*
David R. Chase, Esq. (pro hac vice)
1700 East Las Olas Boulevard, Suite 305
Fort Lauderdale, FL 33301
Telephone: (954) 920-7779
Facsimile: (954) 923-5622

*Attorney for Timoleon Kabilafkas*