UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

-against-

AIRBORNE WIRELESS NETWORK, et al.,

                    Defendants,

-and-

TIM KABILAFKAS, in his capacity as trustee of the
TIM KABILAFKAS REVOCABLE TRUST
DATED JULY 24, 2001, AND MAGDALINE
KABILAFKAS, in her capacity as trustee of the
MAGDALINE KABILAFKAS 1989 TRUST
DATED MAY 27, 1989,

                    Relief Defendants.

No. 21 Civ. 01772 (CM)



**DECISION AND ORDER GRANTING PLAINTIFF'S RULE 54(B) MOTION**

McMahon, J.:

The Court assumes familiarity with the facts of the case, which are discussed at length in its November 26, 2024 Order granting in part Plaintiff's Motion (Dkt. No. 262), which is denominated "Motion for Judgment Against All Remaining Defendants and Relief Defendants." In that decision (Dkt. No. 280) I granted the SEC's "motion for judgment" as against Defendants Airborne Wireless Network, Kalistratos Kabilafkas, Timoleon Kabilafkas, and Relief Defendants Timoleon Kabilafkas (in his capacity as trustee of the Tim Kabilafkas Revocable Trust Dated July 24, 2001) and Magdaline Kabilafkas (in her capacity as trustee of the Magdaline Kabilafkas 1989 Trust Dated May 27, 1989) (the "Kabilafkas Defendants). *See id.* at 4. In the November 26

decision and order, I set forth the terms of both the financial and injunctive relief I was ordering against the Kabilafkas Defendants. However, I reserved judgment and stayed this case as to Defendant Jack Edward Daniels, who argued that, absent a stay pending resolution of his parallel criminal proceeding, *United States v. Kabilafkas*, 24-CR-000270 (C.D. Cal.), he would not be able to respond to Plaintiff's allegations without waiving his Fifth Amendment rights. *See id.* at 21-22.

Although I had granted a motion for "judgment," the Clerk of Court did not immediately enter judgment following the issuance of this decision. However, the Kabilafkas Defendants filed an appeal from the November 26 decision on December 3, 2024. *See* Dkt. No. 282. The Court of Appeals for the Second Circuit is apparently holding that appeal in abeyance pursuant to their October 19, 2023 Order staying appeals from this case "pending the completion of district court proceedings on remedies." *See* Dkt. Nos. 249, 286.

The SEC now moves for an order entering final judgment pursuant to Fed. R. Civ. P. Rule 54(b). *See* Dkt. No. 283. Although this appears duplicative of the original motion, what the Commission wants now is for the court to certify an interlocutory appeal from the court's decision at Docket No. 280. Because the case has not been resolved as against Daniels, Rule 54(b) certification is needed in order for appeal of my November 26 Order to proceed.

Defendants oppose this motion on the ground that entry of a Rule 54(b) order would result in "wholly duplicative appeals" from the current appellants on the one hand and Daniels on the other. Dkt. No. 287 at 1. However, that argument does not lie in the Kabilafkas' mouths, as they will not bear the brunt of any duplication. The Kabilafkas Defendants will not have to participate in any appeal Daniels might subsequently file; they will only need to file a brief in connection with their own appeal. And while Defendants will have to file a second notice of appeal from the Clerk's entry of final judgment against them – meaning they themselves will have filed two separate

appeals -- I have no doubt that the Second Circuit will either consolidate the two appeals or dismiss the earlier one as improvidently filed. I thus view is as highly unlikely that Defendants will have to file two appellate briefs. This means that granting a Rule 54(b) order allowing the entry of final judgment against fewer than all defendants will not result in any duplication of effort on their part. Were Daniels to take an appeal in the event judgment is entered against him in this case at a later date, there might be some duplication of effort on the SEC's part; but the Commission is the party seeking a 54(b) order, so apparently it is willing to assume that risk, and the Kabilafkas Defendants suggest no reason why this court should not allow it to do so.

That, by the way, is perfectly understandable, since it seems highly unlikely that Daniels will ever file an appeal in this case. Plaintiff advises the Court that Daniels has signed a plea agreement in his criminal case (Dkt. No. 288, at 3) and it appears that a change of plea hearing has been scheduled for February 20, 2025. *See* ECF No. 113, *United States v. Kabilafkas*, 24-CR-000270 (C.D. Cal. Jan. 13, 2025). Assuming Daniels decides to enter a guilty plea pursuant to the plea agreement, this Court will issue an order to show cause after his sentencing, asking Daniels why judgment should not also be entered against him in this case. As this trailing civil case is predicated on the same facts as the criminal case, if Daniels takes a plea, he will be hard pressed to take an appeal from any judgment this Court might enter against him. So the risk of appellate duplication for any party is slight. But in any event, there is no risk of duplication of effort on the part of the Kabilafkas Defendants.

There is, therefore, no just reason for delay in having the Clerk enter final judgment against the Kabilafkas Defendants. I thus grant the SEC's motion for the entry of judgment pursuant to Fed. R. Civ. P. 54(b), and I direct the Clerk of Court to enter final judgment in favor of Plaintiff and against Defendants Airborne Wireless Network, Kalistratos Kabilafkas, Timoleon Kabilafkas,

and Relief Defendants Timoleon Kabilafkas (in his capacity as trustee of the Tim Kabilafkas Revocable Trust Dated July 24, 2001) and Magdaline Kabilafkas (in her capacity as trustee of the Magdaline Kabilafkas 1989 Trust Dated May 27, 1989) on the terms set forth in my November 26, 2024 Order. *See* Dkt. No. 280. It would probably make things easier if the SEC were to prepare a proposed form of Final Judgment and submit it to the Clerk for entry.

The Clerk of Court is directed to remove the open motion at Dkt. No. 283 from the court's list of open motions.

This is the opinion of the court. It is a written decision.

Dated: January 14, 2025

_____
U.S.D.J

BY ECF TO ALL COUNSEL