

**DIVISION OF
ENFORCEMENT**

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549



DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2026

February 3, 2026

Via ECF

The Honorable Colleen McMahon
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

2/4/2024
granted

Re:    *Securities and Exchange Commission v. Airborne Wireless Network, et al.,*
21-cv-01772-CM (S.D.N.Y.)

Dear Judge McMahon:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this
unopposed motion to seal certain confidential and privileged information, pursuant to
Section 21F(h)(2) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §
78u-6(h)(2)] and a Fed. R. Evid. 502(d) Order entered in the parallel criminal case,
*United States v. Kabilafkas*, No. 2:24-cr-270 (C.D. Cal.) (the "Criminal Case").
Specifically, the SEC asks the Court, first, to seal the name of a witness who identified
himself as an SEC whistleblower (the "Whistleblower"). The SEC also asks the Court to
seal quotes from SEC attorney interview notes over which the SEC claimed attorney
work product protection in this litigation. This material was redacted from the following
documents, filed by the SEC earlier today:

- ECF No. 304: The SEC's Memorandum in Opposition ("Opposition") to
  Defendants Kalistratos Kabilafkas ("Kabilafkas"), Timoleon Kabilafkas,
  and Relief Defendants' (the "Movant-Defendants") Motion for an
  Indicative Ruling Under Rules 60(b)(2) and 62.1, ECF No. 296 (the
  "60(b)(2) Motion");

- ECF No. 304-1: Declaration of Jennie B. Krasner Declaration in support
  of the SEC's Opposition ("Krasner Declaration") and Exhibits 1-8 and 14
  thereto (ECF Nos. 304-2 through 304-9 and 304-15); and

Hon. Colleen McMahon
February 3, 2026
Page 2

- ECF No. 304-16: Declaration of Nicholas Margida in support of the SEC's Opposition ("Margida Declaration" cited as "Margida Decl.").[1]

Contemporaneously with this motion, the SEC is filing unredacted versions of the above documents, which the SEC respectfully requests be placed under seal. Movant-Defendants do not oppose the relief sought by the SEC in this motion, but they reserve the right, in the future, to seek to unseal some or all of the information the SEC is requesting be placed under seal.

Background: The Confidential and Privileged Information

The 60(b)(2) Motion concerns two sets of SEC attorney interview notes, which Movant-Defendants claim to be "newly discovered evidence" and over which the SEC asserted attorney work product protection in this case (the "Notes"). One set of the Notes is of an April 2019 interview of the Whistleblower (the "Whistleblower Notes"). The Whistleblower Notes identify the Whistleblower by name as someone who filed a whistleblower report with the SEC.

As set forth in the Margida Declaration filed in support of the SEC's Opposition:

1.      Pursuant to a May 13, 2025 Order entered in the Criminal Case and at the U.S. Department of Justice's ("DOJ") request, the SEC produced the Notes to DOJ. (Margida Decl. ¶¶ 9-10).

2.      Before that production, DOJ filed in the Criminal Case a proposed protective order pursuant to Fed. R. Evid. 502(d), which the Court entered in July 2025 (the "502(d) Order"). Under the 502(d) Order's terms, the SEC's production to DOJ, and DOJ's production to Kabilafkas, of the Notes and other "SEC Privilege Materials" (as defined in the 502(d) Order) would not waive any privilege or protection claimed by the SEC. (*Id.* ¶ 11).

3.      The SEC produced the Notes after the 502(d) Order's entry. In January 2026, the SEC produced to DOJ a September 2018 report the Whistleblower submitted to the SEC, attached as Ex. 5 to the Krasner Declaration (the "Whistleblower Report"). Before producing the Notes and Whistleblower Report, the SEC stamped them as "SEC Privilege Materials" consistent with the 502(d) Order. DOJ subsequently produced the Notes and Whistleblower Report to Kabilafkas in the Criminal Case. (*Id.* ¶¶ 12-14).

4.      In their 60(b)(2) Motion papers filed on January 13, 2026 (*see* ECF No. 296-1), Kabilafkas and the other Movant-Defendants directly quoted portions of the Notes that referenced the Whistleblower's status as a whistleblower. Before doing so,

---

[1]      These documents and others filed by the SEC also contained limited redactions of sensitive or personal identifying information, pursuant to Fed. R. Civ. P. 5.2 and the Stipulated Protective Order entered on February 23, 2022 (ECF No. 143).

Hon. Colleen McMahon
February 3, 2026
Page 3

though, Kabilafkas did not first seek permission from the Court in the Criminal Case to make public use of the Notes. The 502(d) Order specifies that before publicly using any SEC Privilege Material, Kabilafkas must, *inter alia*, submit such documents under seal to the Court in the Criminal Case. (*Id.* ¶ 15).

5.      On January 15, 2026, the SEC alerted Movant-Defendants' counsel (who is also Kabilafkas' counsel in the Criminal Case), by phone, of the SEC's view that their use of SEC Privilege Material in a public filing, without first seeking permission from the Court in the Criminal Case, was not consistent with the 502(d) Order. During the same January 15 call, SEC counsel also alerted Movant-Defendants' counsel that their public use of the Whistleblower Notes had resulted in the public disclosure of the Whistleblower's identity and status as a whistleblower. SEC counsel asked Movant-Defendants' counsel to move to seal those Whistleblower-identifying portions of its 60(b)(2) Motion papers and any other direct quotes from the Notes. Later that day, Movant-Defendants' counsel moved to seal the portions of ECF No. 296-1 and 296-2 identifying the Whistleblower as an SEC whistleblower. stating, with no elaboration, that the SEC "ha[d] designated" that information, "as sensitive and requested that we file them under seal" (ECF No. 303). (*See* Margida Decl. ¶¶ 16-18).[2]

Argument

In its Opposition, the SEC unavoidably quotes directly from the Notes (and cites and attaches the Whistleblower Report) and thus respectfully requests that such confidential and privileged information remain sealed, for the reasons set forth below. Movant-Defendants have placed the content of the Notes and Whistleblower Report directly at issue in their Motion. Earlier today the SEC filed redacted versions of the Opposition, Margida Declaration, and Krasner Declaration and Exhibits 1-8 (including Ex. 5, the Whistleblower Report) and 14 thereto, from which the SEC redacted the identity of the Whistleblower and direct quotes from the Notes.

The public's presumptive right to public access to judicial documents is rebuttable if the Court finds that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations omitted).

Ensuring the sealed status of the confidential and privileged information is proper and "necessary to preserve higher values" (*id.*) for several reasons. First, sealing is necessary to protect the identity of the Whistleblower, who like all whistleblowers assumed his identity as a whistleblower and the report he submitted would remain confidential. *See* Exchange Act Section 21F(h)(2), 15 U.S.C. § 78u-6(h)(2) (governing

---

[2]      For the same reasons set forth herein, the SEC respectfully requests that the Court grant Movant-Defendants' unopposed letter motion to seal the relevant whistleblower-identifying information (ECF No. 303).

Hon. Colleen McMahon
February 3, 2026
Page 4

the confidentiality of whistleblower-identifying information).  Public disclosure of a whistleblower's identity could have unforeseen consequences on that person, including their reputational, business, and other interests.  Second, public disclosure of an SEC whistleblower's identity may discourage other potential whistleblowers from submitting tips, complaints, or referrals to the SEC, which would adversely affect the SEC's whistleblower program.

Further, sealing is necessary to protect privileges and protections asserted by the SEC in this litigation.  During discovery in this case, the SEC asserted attorney work product protection over the Notes, which were included on the SEC's privilege log. (Margida Decl. ¶ 5a).  The SEC's privilege assertions went unchallenged by the Movant-Defendants in this litigation.  (Id. ¶ 5c).  Only upon entry of, and based on the protections provided in, the 502(d) Order did the SEC produce the Notes to DOJ.  Accordingly, granting the SEC's sealing request would preserve the SEC's work product assertion, and it would do so consistent with, and in a way crafted to effectuate, the 502(d) Order entered by the Court presiding over the Criminal Case.

The SEC's sealing request is "narrowly tailored to achieve" (Lugosch, 435 F.3d at 120) the above aims.  The SEC is proposing to seal, and has redacted from the public docket, only the Whistleblower's name (and other identifying information) and limited direct quotes from the Notes contained in the SEC's Opposition papers specified above.

Accordingly, the SEC respectfully requests that the subject confidential and privileged material be sealed, and that the redactions in the relevant public filings be maintained, as set forth herein.

Respectfully submitted,

/s/ Daniel J. Maher
Daniel J. Maher

*Counsel for Plaintiff*
*Securities and Exchange Commission*

Cc: All counsel of record (via ECF)